IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AMERICAN MINING INSURANCE
COMPANY,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:15-cv-16289

MICHAEL MITCHELL, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss [ECF No. 14] filed by defendants Michael and Joyce Mitchell. The Mitchells ask the court to exercise its discretion to decline to entertain American Mining Insurance Company's ("American Mining") declaratory judgment action. The court, however, finds that American Mining has failed to plead sufficient facts to invoke the court's subject matter jurisdiction over this action, and the case must be **DISMISSED**.

I.    Background

This matter stems from a February 27, 2014, incident in which Mr. Mitchell was seriously injured when the brakes of the truck he was driving failed, and the truck overturned. Underlying State Am. Compl. ¶¶ 18–26 [ECF No. 1-1]. At the time of the accident, Mr. Mitchell was employed by Margie Dolin Trucking as a licensed professional truck driver and was "under the direct supervision" of Christopher and

Margie Dolin. *Id.* ¶ 17. Mr. Mitchell was hauling coal in a truck "owned and maintained" by the company. *Id.* ¶¶ 18–19. On October 14, 2015, the Mitchells filed a lawsuit in the Circuit Court of Kanawha County, West Virginia, against Margie Dolin Trucking, Inc., Margie Dolin, and Christopher Dolin. *Id.* The Mitchells alleged two counts: (1) deliberate intent under section 23-4-2 of the West Virginia Code and (2) loss of consortium.[1]

At the time of the accident, Margie Dolin Trucking had a Workers Compensation Employer's Liability Insurance Policy issued by American Mining. Compl. ¶ 12 [ECF No. 1]. American Mining filed the instant action on December 21, 2015, seeking a declaration that American Mining has no obligation under the insurance policy to defend or indemnify Margie Dolin Trucking, Inc., Christopher Dolin, and Margie Dolin. *Id.* ¶¶ 26, 29. According to the Complaint, American Mining states that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 . . . ." *Id.* ¶ 7.

## II. Legal Standard

Under the Declaratory Judgment Act, when a case is within a district court's jurisdiction and based upon the filing of an appropriate pleading, the court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal

---

[1] The state court civil action number is 15-C-256.

2

courts." *Medtronic, Inc. v. Mirowski Family Ventures, LLC.*, 134 S. Ct. 843, 848 (2014). "The operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)).

American Mining invokes the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action . . . [the Supreme Court has] long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 807 (1986). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.* at 808. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2002).

III. Analysis

Before addressing whether to exercise discretion to decline to hear this declaratory judgment action, the court must first ensure that American Mining sufficiently plead facts to trigger the court's subject matter jurisdiction. Pursuant to

3

Rule 8(a)(1) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." "Federal courts are courts of limited jurisdiction; their jurisdiction will not be presumed. Accordingly, plaintiffs must affirmatively plead the jurisdiction of the federal court." *Dracos v. Hellenic Lines Ltd.*, 705 F.2d 1392, 1395 (4th Cir. 1983).

Although American Mining alleges the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, this case does not pose a federal question. An examination of the Complaint reveals that the case is nothing more than a dispute under state law regarding alleged duties and obligations under an insurance contract. Other than reference to the Declaratory Judgment Act, which does not extend the jurisdiction of the court, American Mining cites to no federal statute or law on which it bases its justification for declaratory relief. Accordingly, American Mining has failed to establish the existence of federal question jurisdiction in this case. *See* Compl. ¶ 7.

American Mining has also failed to allege sufficient facts to trigger the court's diversity jurisdiction. Among other ways, a suit may be brought under the court's diversity jurisdiction when the parties are citizens of different states (*i.e.*, no plaintiff shares citizenship with any defendant) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "It is fundamental that each plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in controversy."

*Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1412 (4th Cir. 1994). In the Complaint, American Mining not only failed to plead diversity jurisdiction, but it "also failed to plead facts from which the existence of such jurisdiction could properly be inferred." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). American Mining sufficiently alleged complete diversity of the parties, but it provided no information regarding the amount in controversy. *See* Compl. ¶¶ 1–6. Accordingly, American Mining has not sufficiently plead facts to demonstrate that the court's diversity jurisdiction may be invoked in this case.

Although the Mitchells did not recognize this fatal flaw when they filed their Motion to Dismiss, "lack of subject matter jurisdiction may be asserted at any time by the court, sua sponte . . . ." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 1998); *see also* Rule 12(h)(3) of the Federal Rules of Civil Procedure ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. Conclusion

The plaintiff has failed to sufficiently plead facts to invoke the court's subject matter jurisdiction over this action. Accordingly, the action is **DISMISSED without prejudice**. The defendants' Motion to Dismiss [ECF No. 14] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 10, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE